<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| METHODE ELECTRONICS, INC., | : | |
| | : | Civil No. 03-2160 |
| Plaintiff, | : | |
| | : | |
| v. | : | <u>MEMORANDUM & ORDER</u> |
| | : | |
| ADAM TECHNOLOGIES, INC., et al. | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court has decided this motion after reviewing the submissions of the parties. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, Plaintiff's motion is denied.

BACKGROUND

Adam Tech Inc. and Methode Electronics, Inc. (hereinafter "Methode") are sellers of electronic connector parts. Connector parts are the plugs or receptacles on computer and other electronic hardware ranging from networking equipment and automobiles to consumer electronics. In June 1997, Adam Tech Inc. became a wholly-owned subsidiary of Methode after Methode purchased Adam Tech. Inc. from company President Vincent DeVito (hereinafter "DeVito"). As part of the sale, DeVito remained as President of Adam Tech Inc., however in February of 2002 Methode terminated DeVito from his position. DeVito filed suit against Methode in this Court on April 16, 2002.

The parties reached a settlement on April 30, 2003.  The Settlement Agreement provided that DeVito would pay $775,000 to Methode in exchange for ownership of the Adam Tech trademarks and the transfer of certain inventory and accounts receivable.  In addition, Methode was given the exclusive right to use the "Adam Tech" mark until July 31, 2003, approximately ninety days, to transition selling electronic connectors under its own name.  Specifically, the agreement stated that Methode had "an exclusive non-transferable, royalty-free right and license to use the [trade name "Adam Technologies, Inc." and all accompanying service mark(s), trademark(s) and logo(s), as well as a parts numbering system and internet domain name . . .][1] on or in connection with providing the Goods and Services[2] throughout the world."  (Pl. Ex. A).  However, the settlement agreement also stated that "nothing shall prevent Mr. DeVito or his designee, during the period of the License Agreement, from selling inventory that Methode delivers pursuant to this Settlement Agreement. . . ."  Id.

Plaintiff asserts that less than one day after executing the Settlement Agreement, Defendants began to disperse confusing and misleading press releases using the "Adam Tech" trademark, thus violating the Settlement Agreement.  The press release distributed on May 1, 2003 stated:

> Adam Technologies announces its been reacquired from Methode Electronics by its original owner and founder Vince DeVito and relocated to its facility in Union, NJ.  Under the terms of purchase Methode Electronics will only be allowed to sell Adam Tech products for 90 days.

---

[1] Parenthetical represents the agreed upon definition of "Licensed Property" in the settlement.

[2] The settlement agreement further defines Goods and Services as "manufacturing, use, marketing and sale of certain products in the connector and cable products industry . . . ."

> Now, again under the control of its founder and President, Vince DeVito, Adam Tech will continue to manufacture and sell interconnect product for the Global Market. In its new facility, Adam Tech will streamline Global interconnect operations. To insure a smooth transition for its customer base, Mr. Devito has put in place a cadre of engineering, sales and marketing professionals to serve its Distribution and OEM community.
>
> Effective May 1, 2003, Adam Tech will be accepting orders and opportunities for more than 5,000,000 connectors stocked at its Union, NJ facility.
>
> "Adam Tech is committed to providing one of the broadest ranges of interconnect and cable products to its customers. Resources are in place to provide immediate responses to all customer opportunities with strengthened design capabilities and support; all the while maintaining our commitment to remain the high quality cost leader" assures Mr. DeVito. In addition, Adam Tech continues to develop new, high-tech products for use in a wide-range of applications.

(Pl. Ex. B). Soon thereafter, DeVito sent another press release entitled "Personal Message Regarding The Future Adam Technologies." The letter stated:

> Dear Friends:
>
> I am writing to you personally to share the wonderful news that I have repurchased all the stock shares of Adam Technologies from Methode Electronics and would also like to take the opportunity to explain the current circumstances and operating details of this new development.
>
> The purchase was completed on April 30, 2003. Final negotiation of the purchase included granting Methode Electronics a short term license to use the Adam Tech name and part numbering system for 90 days, ending July 31, 2003. Thus I cannot operate Adam Tech until August 1, 2003, at which time Methode can no longer sell Adam Tech product, nor use the Adam Tech name or part numbering system.
>
> You may have received notice from Methode that they are "dropping" the Adam Tech name or changing part numbers of the Adam Tech product you are now buying. Such notices violate my agreement with Methode and legal action is contemplated. Rather than "dropping" the Adam Tech product, Methode, under the license agreement, must make available and service all inquiries for Adam Tech product and part numbers until July 31st consistent with past practice. Starting the next day, [August] 1st, Adam Tech will itself continue to supply your connector requirements.

> It was always my intent to insure that Adam Tech product and part number continue to be available for the duration of the license and beyond, without interruption.
>
> Methode cannot use the Adam Tech name or part numbering system after July 31st which explains why they may offer you possibly customer-unapproved Methode product, in place of your request for Adam Tech product. It will be your decision to continue to buy Adam Tech product with its print position, or to have your customer requalify each part, adding Methode as the new supplier and changing to the new Methode part number. Nonetheless, Adam Tech product may not be sold by Methode or anyone else using Methode Part numbers, or with a Methode prefix or suffix added to the Adam Tech part number. We have made this clear to Methode and its legal counsel.
>
> Finally, other statements by Methode relating to sources of supply are incomplete, self-serving and do not represent any important factor in our ability, as of August 1st, to manufacture and supply Adam Tech product.
>
> I hope I have clearly conveyed the information that there should be no interruption in purchasing Adam Tech product and I am truly excited to have the opportunity to serve you again as of August 1st and look forward to continuing our long standing relationship.
>
> Vince DeVito

(Pl. Ex. C). Plaintiff also points to other announcements notifying customers that DeVito repurchased Adam Tech and of the terms of the License Agreement between the parties. (Pl. Exs. E, F and G).

On May 13, 2003, Plaintiff filed suit in this Court. On October 5, 2004, Plaintiff filed its Fourth Amended Complaint alleging, violation of the Lanham Act (Count I), breach of the Settlement Agreement (Count II), interference with contract (Count III), common law unfair competition (Count IV), defamation and disparagement (Count V), tortious interference with contract and prospective economic advantage (Count VI), and two counts for piercing the corporate veil/alter ego (Counts VII and VIII). Plaintiff now moves for summary judgment on its breach of Settlement Agreement claim (Count II), and demands attorneys fees, and an award of

nominal damages.

## DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). An issue involving a material fact is genuine "if the evidence is such that [the trier of fact] could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In reviewing motions for summary judgment, the evidence is viewed in the light most favorable to the non-moving party. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

In the breach of contract context, "if the relevant terms in a contract are ambiguous, the issue must go to [the trier of fact]." Emerson Radio Corp. v. Orion Sales, Inc. et al., 253 F.3d 159, 163-64 (3d Cir. 2001). "[A]n agreement is ambiguous if it is 'susceptible of more than one meaning.'" Id. at 164 (quoting Sumitomo Mach. Corp. Of Am., Inc. v. AlliedSignal, Inc., 81 F.3d 328, 332 (3d Cir. 1996)). The question as to whether a contractual term is ambiguous is a question of law and requires this Court to "consider the contract language, the meanings suggested by counsel, and the extrinsic evidence offered in support of each interpretation." Id.

Here, the issue is whether Defendants' press releases and announcements constituted "use" of the Adam Tech trademark in connection with providing of goods and services (defined as manufacturing, use, marketing and sale). Adding difficulty to a determination of this issue is provision 4(e) of the Settlement Agreement, which carved out an exception to the contract allowing DeVito and his designees to sell inventory delivered from Methode, using the Adam

Tech trademark. A review of the disputed announcements shows that Defendants's actions could be construed as trying to sell the delivered inventory or as improper use of the Adam Tech mark. The term "use" is ambiguous in this instance because its normal definition is not applicable in light of provision 4(e) of the Settlement Agreement. Therefore, a question of fact remains and summary judgment must be denied.

## CONCLUSION

For these reasons,

It is on this 28th day of July 2005,

ORDERED that Plaintiff's Motion for Summary Judgment [131] is DENIED.


                                           s/Anne E. Thompson
                                           ANNE E. THOMPSON, U.S.D.J.